1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12

In re Rule 45 Subpoena Directed to Lycos, Inc.

13
14
15
16
17
18

Case No.:  2:21-mc-00021  RSL

Related Case No. 2:19-cv-02746-DWL
U.S. District Court, District of Arizona

**DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO LYCOS, INC.**

NOTED ON MOTION CALENDAR:
Friday, March 12, 2021

19
20
21
22
23
24
25
26

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO LYCOS, INC. - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

I.      **INTRODUCTION**

Petitioner GoDaddy.com, LLC ("GoDaddy") brings the instant motion to compel Lycos, Inc. ("Lycos") to comply with GoDaddy's document subpoena, which GoDaddy served on Lycos on January 21, 2021.  The return date on the subpoena was February 4, 2021, and to date, Lycos has not objected to the subpoena, or produced any documents in response to the subpoena. GoDaddy respectfully requests that the Court enter an order compelling Lycos to comply with this subpoena.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

This motion arises out of a subpoena served upon Lycos on January 21, 2021, in a litigation matter entitled *SiteLock, LLC v. GoDaddy.com, LLC*, pending in the United States District Court for the District of Arizona (Case No.: 2:19-cv-02746-DWL) (the "SiteLock Action").  *See* Declaration of Paula L. Zecchini ("Zecchini Decl.") ¶¶ 1-6, Ex. A.  In the SiteLock Action, Plaintiff SiteLock, LLC ("SiteLock"), has asserted, *inter alia*, breach of contract claims related to a November 4, 2013 Reseller Agreement ("Reseller Agreement") between GoDaddy and SiteLock, which, in part, authorized GoDaddy to promote SiteLock's off-the-rack software products.   Zecchini Decl. ¶ 2.   GoDaddy's Answer to SiteLock's Complaint includes an affirmative defense for set-off, *see* Dkt. No. 13 at 14,[1] which is based in part on SiteLock's breach of a most favored nation ("MFN") provision in the Reseller Agreement that obligated SiteLock to ensure that GoDaddy was afforded "the lowest [pricing terms] offered by SiteLock or any of its affiliates." Dkt. No. 1-2, at 8; Zecchini Decl. ¶ 3.  In the SiteLock Action, GoDaddy sought discovery related to its defense based on SiteLock's breach of the MFN provision, and SiteLock ultimately produced—under a Court Order compelling their production—third party reseller agreements that included SiteLock's contract with Lycos.   Zecchini Decl. ¶ 4.   That

---

[1] Citations to the docket are to the corresponding entries in the SiteLock Action.

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO LYCOS, INC. - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

agreement indicates that SiteLock gave Lycos more favorable pricing terms than GoDaddy.  *Id.* at ¶ 5.  Therefore, GoDaddy served the subpoena on Lycos to obtain limited, narrow discovery from Lycos regarding (1) the lowest pricing terms SiteLock gave to Lycos, and (2) the features of the SiteLock products Lycos offered.[2]  *See* Zecchini Decl. ¶ 6, Ex. A.  On January 6, 2021, the Court in the SiteLock Action denied SiteLock's motion for protective order which concerned, in part, third party document subpoenas GoDaddy had served on other entities seeking the same categories of information sought in the Lycos subpoena.  *See* Dkt. No. 248; Zecchini Decl. ¶ 9.

The time specified for compliance in the subpoena that GoDaddy served on Lycos was February 4, 2021.  Zecchini Decl. ¶ 6, Ex. A.  The location specified for compliance was "Produce electronically to Paula Zecchini, Cozen O'Connor, 999 Third Avenue, Suite 1900, Seattle, WA 98104 at PZecchini@cozen.com."  *Id*.  Lycos has not, to date, produced any documents in response to the subpoena, or served any response or objection to the subpoena.  *Id.* at ¶ 8.  SiteLock has not, to date, served any objection or responses to the subpoena, nor has it made any effort to address the subpoena with GoDaddy, either independently or on Lycos's behalf.  *Id*. at ¶ 9.

## III.    **LEGAL STANDARD**

The Federal Rules of Civil Procedure allow a party to obtain from a non-party discovery materials of any non-privileged matter that is relevant to a claim or defense of any party.  *See* Fed. R. Civ. Pro. 45(a)(1)(C); Fed. R. Civ. Pro. 26(b)(1).  The "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006); *see also Lewin v. Nackard Bottling Co.*, No. CV 10-8041-PCT-FJM, 2010 WL 4607402, at *1 n.1 (D. Ariz. Nov. 4, 2010).  Relevance

---

[2] Although the products in the Lycos agreement have the same names as the products in SiteLock's agreement with GoDaddy, SiteLock has argued that identically named products may have different features.

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO LYCOS, INC. - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Berwick v. Hartford Fire Ins. Co*., No. MC 12-00055-PHX-FJM, 2012 WL 2856117, at *1 (D. Ariz. July 11, 2012) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quotation marks omitted)).

Fed. R. Civ. P. 45(d)(2)(B) requires that the recipient of a subpoena *duces tecum* serve any objections to it within 14 days after service or before the time specified for compliance, whichever is earlier. "[F]ailure to timely object waives the right to object later." *Cen Com Inc. v. Numerex Corp.*, No. C17-0560 RSM, 2018 WL 1737943, at *2 (W.D. Wash., Apr. 11, 2018); *see also Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. MC 13-004- TUC-CKJ, 2013 WL 5744045, at *3 (D. Ariz. Oct. 23, 2013) ("[A] nonparty's failure to timely make objections to a Rule 45 subpoena *duces tecum* generally requires the court to find that any objection has been waived."); *Avila v. Cate*, No. 1:09cv918-LJO-SKO, 2013 WL 428732, at *2-3 (E.D. Cal. Feb. 1, 2013) (same); *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (same). "Upon failing to obey a lawful subpoena without an adequate excuse, a recipient may be held in contempt." *Malden Transportation, Inc. v. Uber Technologies, Inc.*, No. C18-1592RSM, 2018 WL 5808422, at *1 (W.D. Wash., Nov. 6, 2018) (citing Fed. R. Civ. P. 45(g)).

## IV.  <u>LYCOS MUST PRODUCE RESPONSIVE DOCUMENTS</u>

Lycos was served with GoDaddy's subpoena on January 21, 2021. *See* Zecchini Decl. ¶ 6, Ex. A. The subpoena required that Lycos produce documents by February 4, 2021. *See id*. As such, Lycos's objections or responses to the subpoena were due on or before February 4, 2021. To date, Lycos has failed to provide any response to the subpoena. *See id*. at ¶ 8. Lycos has therefore waived all grounds for objection. *See McCoy*, 211 F.R.D. at 385; *see also Voxpath RS, LLC*, 2013 WL 5744045, at *3; *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002); *Wade v. City of Fruitland*, 287 F.R.D. 638, 641 (D. Idaho 2013). As such,

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO LYCOS, INC. - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Lycos should be ordered to comply with the subpoena. *Malden Transportation, Inc.*, 2018 WL 5808422, at *2 (granting motion to compel out-of-district subpoenaed documents when recipient failed to object or move to quash or modify subpoenas). Allowing a subpoena recipient to disregard a subpoena in its entirety would render Rule 45 a nullity and enable recipients to openly disobey a court order. *See, e.g.*, *United States Sec. & Exch. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010) (explaining that a Rule 45 subpoena is a "court order subject to contempt sanctions if disobeyed").

Although Lycos waived any and all objections to the subpoena, if Lycos files a response, Lycos may attempt to argue that the subpoena did not command production of documents within "100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. Proc. 45(c)(2)(A). Such an objection would be meritless. First, Lycos waived any objection under that rule. *See Sol v. Whiting*, No. CV-10-01061-PHX-SRB 2014 WL 12526314, at *2 (D. Ariz., July 22, 2014) (concluding that defendant waived objection to subpoena and stating "nothing in Rule 45 or elsewhere suggests that the rules for asserting timely objections do not apply when the 100-mile rule is the basis for an objection"). Second, "numerous courts have compelled compliance with a subpoena duces tecum that required the production of documents more than 100 miles from where the recipient resided, worked, or regularly transacted business." *Sol*, 2014 WL 12526314, at *2; *See also Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) ("[T]he 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents need not appear in person at the place of production or inspection." (internal quotation marks omitted)); *Jett v. Penner*, No. S02-2036 GEBJFMP, 2007 WL 127790, at *2 (E.D. Cal. Jan. 12, 2007) (holding subpoenaed party was not excused on the ground that the requested records were located more than 100 miles from the place they were to be produced when there was no requirement to travel to deliver the records). This is particularly true when the subpoena at issue requests that documents be provided electronically. *Cen Com Inc.*, 2018 WL 1737943, at *2 (holding subpoenas complied with Rule

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO LYCOS, INC. - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

45 because "[t]hey do not ask the individuals to travel more than 100 miles from where they live or work; rather, Defendants have requested that the documents be provided electronically"); *see also Curtis v. Progressive Northern Insurance Company*, No. CIV-17-1076-C, 2018 WL 2976432, at *2 (W.D. Okla., June 13, 2018) (granting motion to compel when the "subpoena at issue [did] not require the travel or attendance of any witnesses and Plaintiff [was] requesting the production of electronic documents.").

Further, the subpoena set forth targeted, limited document requests to obtain information that is critical to GoDaddy's defenses to SiteLock's claims.  In the SiteLock Action, GoDaddy contends that SiteLock gave better pricing terms to other reseller partners in direct violation of SiteLock's obligation to provide GoDaddy with the most favorable pricing terms.  *See* Dkt. No. 248 at 24-26 (denying SiteLock's motion for protective order with regard to the type of information sought by the subpoena, and finding that it was relevant to GoDaddy's defenses to SiteLock's claims).  The requests in the subpoena are specifically and narrowly targeted to individual SiteLock products set forth in Lycos's reseller agreement with SiteLock, and merely demand documents "sufficient to show" (1) if SiteLock ever agreed to pricing terms with Lycos below the terms set forth in Lycos's contract with SiteLock, and (2) the features of those products.  Lycos should therefore be directed to fully comply with the subpoena.

## V.    CONCLUSION

WHEREFORE, GoDaddy respectfully requests that this Court issue an order compelling Lycos to produce all documents responsive to the requests in the subpoena within ten (10) days of the resolution of this motion.

//

//

//

//

//

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO LYCOS, INC. - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1   DATED:   February 25, 2021          COZEN O'CONNOR

2

3                                       By:  _s/ Paula L. Zecchini_
                                        By:  _s/ Sydney R. Hitchcock_
4                                       Paula L. Zecchini, WSBA No. 48266
                                        E-mail:    pzecchini@cozen.com
5                                       Nathan Dooley, *pro hac vice to follow*
                                        E-mail:    ndooley@cozen.com
6                                       Sydney R. Hitchcock, WSBA No. 55426
                                        E-mail:    sydneyhitchcock@cozen.com
7
                                        999 Third Avenue, Suite 1900
8                                       Seattle, Washington  98104
                                        Telephone: 206.340.1000
9                                       Toll Free Phone: 800.423.1950
                                        Facsimile: 206.621.8783
10
                                        Attorneys for Defendant GoDaddy.com, LLC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO
RULE 45 SUBPOENA DIRECTED TO LYCOS, INC. - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I served the foregoing document via electronic mail on February 25, 2021, and due to COVID-19 restrictions via overnight mail on February 26, 2021, to the following:

| | |
|---|---|
| Thomas A. Gilson | Kevin B. Huff |
| Beus Gilbert PLLC | Thomas G. Schultz |
| 701 N. 44th Street | Leslie V. Pope |
| Phoenix, Arizona 85008 | Kellogg, Hansen, et al. |
| (480) 429-3000 | 1615 M Street, N.W. Suite 400 |
| tgilson@beusgilbert.com | Washington, DC 20036 |
| | (202) 326-7900 |
| Counsel for Plaintiff | khuff@kellogghansen.com |
| | tschultz@kellogghansen.com |
| | lpope@kellogghansen.com |

I further certify that the foregoing documents have been sent out for personal service, and due to COVID-19 restrictions were also served via overnight mail on February 26, 2021 on the following:

Lycos, Inc.
177 Huntington Ave., Suite 1703
Boston, MA 02115

DATED: February 25, 2021

COZEN O'CONNOR

By: *s/ Paula Zecchini*
Paula Zecchini

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO LYCOS, INC. - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000